FILED - GR
September 10, 2021 12:46 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JB 9/13/21

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

1:21-cv-790
Sally J. Berens
U.S. Magistrate Judge

Phillip Turner # 171187

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

① michigan Dept. of correction ("M.D.O.C.") ④ Darrel M. Steward ⑦ Dr Asche (Dale)
② Heidi washington ⑤ Daniel miller ⑧ michael wilkinson
③ sherry Burt ⑥ corizon medical services ⑨ ms. Anderson (1st name unknown presently)

(Enter above the full name of the defendant or defendants in this action.)

**COMPLAINT**

I. **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.**

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☐ No ☒

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   N/A

2. Is the action still pending? Yes ☐ No ☐

   a. If your answer was no, state precisely how the action was resolved: N/A

3. Did you appeal the decision? Yes ☐ No ☐

4. Is the appeal still pending? Yes ☐ No ☐

   a. If not pending, what was the decision on appeal? N/A

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☐

   If so, explain: N/A

II. **Place of Present Confinement**

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

present Address → G. Robert Cotton Correctional facility - 3500 North Elm. Road Jackson, michigan - 49201

place/Address where lawsuit Arose → 2400 South sheridan Drive - muskegon, michigan - 49442

III. **Parties**

A. Plaintiff(s)

Place your name in the first blank and your present address in th e second blank. Provide the sam e information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff Phillip Turner #171187

Address 3500 North Elm Road - Jackson, michigan - 49201

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1 michigan Department of corrections ("M.D.O.C.")

Position or Title Michigan Prison System

Place of Employment State of michigan

Address 2400 South sheridan Drive - muskegon, michigan - 49442

Official and/or personal capacity? official Capacity

Name of Defendant #2 Heidi Washington

Position or Title "M.D.O.C." - Director

Place of Employment michigan Department of correction's

Address 2400 South sheridan Drive - muskegon, michigan - 49442

Official and/or personal capacity? official and personal capacity

Name of Defendant #3 Sherry Burt

Position or Title Warden - muskegon Correctional facility ("mcF")

Place of Employment Michigan Department of correction's

Address 2400 South sheridan Drive - muskegon, michigan - 49442

Official and/or personal capacity? official and personal capacity

Name of Defendant #4 Darrel M. Steward

Position or Title Deputy Warden - muskegon correctional facility ("mcF")

Place of Employment michigan Department of corrections

Address 2400 South sheridan Drive - muskegon, michigan - 49442

Official and/or personal capacity? official and personal capacity

Name of Defendant #5 Daniel Miller

Position or Title Acting Deputy Warden - muskegon correctional facility ("mcF")

Place of Employment michigan Department of correction's

Address 2400 South sheridan Drive - muskegon, michigan - 49442

Official and/or personal capacity? official and personal capacity

# Defendant's Continued!

name of Defendant #6 - Corizon Medical Services
position or title - medical services provider
place of Employment - muskegon correctional facility
Address - 6452 millenium Drive, Suite 100
Lansing, michigan - 48917
official and/or personal capacity? - official and personal capacity

name of Defendant #7 - Dale Asche ("Dr Asche")
position or title - medical Doctor
place of Employment - Corizon Medical Services
Address - 6452 millenium Drive, Suite 100
Lansing, michigan - 48917
official and/or personal capacity? - official and personal capacity

name of Defendant #8 - michael Wilkinson
position or title - Health Unit Manager ("H.U.M.")
place of Employment - michigan Department of correction's
Address - 2400 south sheridan Drive - muskegon, michigan - 49442
official and/or personal capacity? - official and personal capacity

# Defendant's Continued:

name of Defendant #9 - MS. Anderson (1st name unknown presently)
position of title - nursing Supervisor
place of Employment - michigan Department of correction's
Address - 2400 South sheridan Drive - muskegon, michigan - 49442
official and/or personal capacity? official and personal capacity

IV. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

Refer to Attached Complaint

V. **Relief**

State briefly and precisely what you want the court to do for you.

Refer to Attached complaint

9-6-21
**Date**

[signature]
**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

**COMPLAINT**

**FOR MONETARY AND MEDICAL DAMAGES**

**INTRODUCTION:** THIS COMPLAINT BEING PRESENTED TO THIS HONORABLE COURT DIRECTLY OUTLINES THE DAMAGES, NEGLECT, INJURY, DEPRIVATION OF PROPER CARE, SAFETY, PRECAUTIONS, RESPONSIBILITIES, ACTS, WILLFUL, FORCEFUL, AND WANTON ACTIONS OF THE DEFENDANTS AND THEIR JOINTLY, AND INDIVIDUALLY FAILURE TO ACT, FAILURE TO TAKE STEPS, DELIBERATELY INDIFFERENCE, AND COMPLETE VIOLATES OF THE PLAINTIFFS CIVIL RIGHTS TO FULL MEDICAL CARE, TREATMENT, SAFETY, AND ENTITLED CARE WHILE IN THE CUSTODY AND JURISDICTION OF THE MICHIGAN DEPARTMENT OF CORRECTIONS, AND HAVE FAILED MISERABLY IN EVERY ASPECT OF THEIR DUTIES AS DESCRIBED AND OUTLINED IN THE COMPLAINT AND BRINGS TO THIS COURTS ATTENTION THE DIRECT ACTIONS COMMITTED UPON THE PLAINTIFF BY THE DEFENDANTS IN THEIR INDIVIDUAL AND JOINTS COMMISSION WHILE HAVING THE PLAINTIFFS IN ITS CUSTODY AND CARE AND THEIR FAILURE TO UPHOLD THEIR OATHS AS CARE-GIVERS, JAILERS, CUSTODIANS AND STATE EMPLOYEES UNDER THE MICHIGAN DEPARTMENT OF CORRECTIONS AND THE CONTRACTED EMPLOYEES OF CORIZON AS MEDICAL PROVIDERS CONTRACTED TO MEET AND FULFILL THE MEDICAL REQUIREMENTS AND TREATMENTS OF PRISONERS UNDER THE DEPARTMENT OF CORRECTIONS, IN THE CUSTODY OF CARE OF THE DEPARTMENT OF CORRECTIONS AND IN ACCORDANCE WITH THE PLAINTIFFS NATURAL CONSTITUTIONALLY PROTECTED RIGHTS AS GUARANTEED BY THE STATE AND FEDERAL CONSTITUTION AND AS PROVIDED MY MICHIGAN COMPILED LAW REQUIRING THE DEFENDANTS NAMED IN THE COMPLAINT TO CONDUCT THEIR SPECIFIC DUTIES AND, HAVING FAILED IN THEIR DUTIES, DID DEPRIVE THE PLAINTIFF OF HIS RIGHT TO BE SAFE IN THE DEPARTMENT OF CORRECTIONS, TO BE PROVIDED FULL MEDICAL CARE IN THE DEPARTMENT OF CORRECTIONS AND NOT HAVE HIS HEALTH, LIFE, AND SAFETY ENDANGERED BY THOSE CHARGED WITH HIS CUSTODY AND CARE.

PLAINTIFF WILL DETAIL IN THE ENTIRETY THE "**COMPLAINT**" AGAINST THE DEFENDANTS BY COMPILING IT JOINTLY AND SEVERALLY FOR THE COURT IN THE "INTEREST OF JUDICIAL ECONOMY" AND IN ACCORDANCE WITH ENSURING THE PLAINTIFFS COMPLAINT IS BROUGHT TO THIS COURT AND TO SHOW THE COURT THAT THERE IS A **GENUINE ISSUE OF DISPUTE FOR TRIAL IN THIS COURT."**

**PLAINTIFFS DEMAND FOR A JURY TRIAL:**

PLAINTIFF HEREBY DEMANDS A JURY TRIAL BECAUSE THE ISSUES SHOULD BE DECIDED BY A JURY AS ALLOWED BY THE LAWS OF THE STATE OF MICHIGAN AND IN THE INTEREST OF ENSURING THAT THE CLAIMS RAISED BY THE PLAINTIFF IN THE COMPLAINT ARE IN FACT PRESENTED TO A JURY FOR FULL REVIEW AND FAIR DECISION-MAKING. OR, IN THE ALTERNATIVE, IF IT WERE TO PLEASE THE COURT, THE PLAINTIFF WOULD ASK FOR A BENCH TRIAL TO BE PRESERVED BEFORE THE COURT ON THE ISSUES AND SUBJECT TO ANY CHANGES IN THE COMING PROCEEDINGS FOLLOWING THIS COMPLAINT FILING.

**NOTICE REGARDING EXHAUSTIONS OF ADMINISTRATIVE REMEDIES:**
PLAINTIFF STATES THAT ALL AVAILABLE REMEDIES HAVE BEEN CONDUCTED AND EXHAUSTED TO RESOLVE THE DISPUTES WITHIN THE MICHIGAN DEPARTMENT OF CORRECTIONS AND THROUGH HEALTH SERVICES AND IT'S PROVIDER CORIZON, AND ALL ATTEMPTS TO RESOLVE THESE ISSUES AND CLAIMS HAVE BEEN FUTILE IN EVERY SINGLE WAY AS THAT THE DEFENDANTS HAVE COMPLETELY FAILED TO RESOLVE THE ISSUES BY TAKING CORRECTIVE ACTION AND BY GIVING THE PLAINTIFF WHAT HE IS ENTITLED TO BY STATE AND FEDERAL LAW, POLICY DIRECTIVE, AND BY THE STATE AND FEDERAL CONSTITUTIONS, AND, AS S RESULT, EXHAUSTION HAS BEEN COMPLETED BY THE PLAINTIFF WITH NO FEASIBLE RESOLUTION OR ACCORD BEING REACHED BETWEEN ANY PARTIES, THEREFORE, EXHAUSTION IS NOT AN ISSUE FOR THE PLAINTIFF IN ANYWAY BECAUSE EXHAUSTION HAS BEEN METED OUT.

**PLAINTIFFS SUBSTANTIVE ALLEGATIONS AGAINST DEFENDANTS:**
PLAINTIFF CHARGES THE NAMED DEFENDANTS INDIVIDUALLY AND JOINTLY TO KNOWINGLY, INTENTIONALLY, DELIBERATELY, WILLFULLY, EITHER THROUGH THEIR OWN INDIVIDUAL OFFICE, WORK TITLE, PRIVATE SECTOR JOB CONTRACTED THROUGH THE DEPARTMENT OF CORRECTIONS AS MEDICAL PROFESSIONALS CHARGED WITH PROVIDING CARE TO THE PLAINTIFF, AIDED AND ABETTED THE DEFENDANTS JOINTLY OR INDIVIDUALLY TO COMMIT THE BELOW CHARGED OFFENSE AND/OR OFFENSES AS DETAILED HEREIN.

**CHARGED OFFENSES**--THE DEFENDANTS DID, CONTRARY TO THE PLAINTIFFS STATE AND FEDERAL CIVIL RIGHTS, CONTRARY TO STATE AND FEDERAL LAW, CONTRARY TO THE POLICIES AND PROCEDURES OF THE MICHIGAN DEPARTMENT OF CORRECTIONS AND DID INTENTIONALLY, WILLINGLY AND CONTRARY TO POLICY DIRECTIVES

**03.04.100** EFFECTIVE 1-1-2018 AND UPDATED AND ACCEPTED AGAIN ON APRIL 15, 2020 AND IN VIOLATING THE POLICY DIRECTIVE OUTLINED ON MULTIPLE MULTIPLE OCCASIONS AND INSTANCES, IT PLACED THE SAFETY AND HEALTH OF THE PLAINTIFF IN JEOPARDY CONTRARY TO THE LAWS THAT GOVERN AND AUTHORIZE SAID PD 03.04.100 RESULTING IN PREVENTABLE INJURY, WHICH BECAME PERMANENT INJURIES PLACED UPON THE PLAINTIFF BY THE DEFENDANTS ACTIONS.

THE DEFENDANTS DID KNOWINGLY, JOINTLY, AND/OR INDIVIDUALLY VIOLATE THE PLAINTIFFS CIVIL CIVIL RIGHTS CONTRARY TO THE 8TH AMENDMENT WHERE IT FAILED TO UPHOLD THE CONSTITUTIONALITY OF THE 8TH AMENDMENTS PROHIBITION AND BAN ON CRUEL AND UNUSUAL PUNISHMENT BY THEIR INTENTIONAL DEPRIVATION OF APPLYING THE STANDARDS OF THE 8TH AMENDMENT TO THEIR DUTIES, JOBS AND EXERCISING AND DISCHARGE OF THEIR DUTIES COMPLETELY, WHOLLY AND EFFECTIVELY AS GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS.

THE DEFENDANTS DID KNOWINGLY, INTENTIONALLY, AND AS A WHOLE CONSPIRE TO, OR WILLFULLY NEGLECT TO UPHOLD THE STANDARDS AND LAWS AGAINST THE FIRST AMENDMENTS PROHIBITION OF RETALIATION AGAINST THE PLAINTIFF BY INTERFERING WITH THE PLAINTIFFS HEALTH CARE KITES, GETTING GRIEVANCES DENIED SO THAT THE PLAINTIFF COULD NOT GET RESOLUTIONS THAT WERE REQUIRED BY POLICY, THE FIRST AMENDMENT AND OPERATING PROCEDURES AND INTENTIONALLY ALLOWING DEFENDANTS THAT ARE INVOLVED WITH THE INNER WORKINGS OF THE MEDICAL CARE PROCESS DEPRIVE THE PLAINTIFF OF HIS RIGHTFUL ACCESS TO SAFE AND HEALTHY LIVING CONDITIONS AND MEDICAL CARE OF SAID INJURIES ITSELF AND FOR THE SOLE PURPOSE OF SAVING MONEY AND BEING DELIBERATELY INDIFFERENT TO THE PLAINTIFFS MEDICAL NEEDS AS REQUIRED BY STATE, FEDERAL LAW AND MOST IMPORTANTLY, THE STATE AND FEDERAL CONSTITUTIONS OF THE 8TH AMENDMENT.

THIS CONCLUDES THE PLAINTIFFS OPENING STATE.

SUMMARY AND ARGUMENTS

OF PLAINTIFF PHILLIP RICHARD TURNER

AGAINST ALL NAMED DEFENDANTS AS A WHOLE

THE MICHIGAN DEPPARTMENT DEPARTMENT OF CORRECTIONS (MDOC) HAS AN OBLIGATION TO MAINTAIN A SAFE LIVING ENVIRONMENT, FREE FROM HARM. ASSURING ANY AND ALL PRISONERS ARE KEPT SAFE AND NOT FORCED TO PUT THEIR LIVES AT OR HEALTH AT RISK OR IN JEOPARDY.

THE MUSKEGON CORRECTIONAL FACILITY (MCF) AND THE MDOC HAVE PLACED PRISONERS (AND THIS PLAINTIFF SPECIFICALLY) LIVES AND HEALTH IN JEOPARDY BY FORCING THEM TO ASCEND ONTO THE "TOP BUNK" OR EACH CELL IN AN UNSAFE AND DANGEROUS MANNER.

PRISONERS ARE FORCED TO STEP ONTO A WOBBLY PLASTIC CHAIR, THEN UP ONTO AN OLD UN-SECURE DESK THAT MOVES WHEN YOU STEP ON IT, PROCEEDING WITH CLIMBING ONTO THE TOP BUNK.

THE PLASTIC CHAIRS AND DESK ARE NOT SECURED OR ANCHORED TO THE WALL, ALLOWING THEM TO MOVE AND WOBBLE WITH THE POTENTIAL TO TOPPLE OVER. THERE ARE NOT MEANT-OR DESIGNED TO STAND ON, BE STOOD ON, OR STEPPED ON OR USED TO CLIMB TO THE TOP BUNK, WHICH WE ARE BEING FORCED TO DO PLACING PRISONERS LIVES AND HEALTH IN JEOPARDY. MUSKEGON CORRECTIONAL FACILITY WAS DESIGNED FOR 1 PRISONER TO A CELL. A TOP BUNK WAS ADDED AND A SECOND PRISONERS WAS PLACED INTO THE SPECIFICALLY DESIGNED 1 MAN CELL.

THERE WERE MANY ATTEMPTS TO GET MCF TO PUT LADDERS ON THE BUNKS...THIS SHOWS NEGLIGENCE ON BEHALF OF MCF DEFENDANTS AND THE MDOC DEFENDANTS BY KNOWINGLY AND WILLINGLY FORCING PRISONERS TO MAKE THIS DANGEROUS ASCENT.

THE SAFETY FOR THE PRISONERS ON THE TOP BUNK IS COMPROMISED AND IS IN DIRECT CONTRAST TO THE MDOC's OBLIGATION TO KEEP AND MAINTAIN A SAFE AND HEALTHY LIVING ENVIRONMENT, FREE FROM HARM AND INJURY. THIS MEANS THAT LADDERS PLACED ON BUNKS IS THE ONLY AND PROPER WAY TO KEEP AND ASSURE PRISONERS ASCENTS ARE SAFE, WITHOUT THESE LADDERS, IT CREATES A HAZARD FOR THE PRISONERS BY FORCING THEM TO ASCEND BY WAY OF A WOBBLY PLASTIC CHAIR AND AS DESK THAT MOVES AND THE TENDENCY TO TIP OVER WHEN STOOD ON..

ALSO, THE VETTING PROCESS TO DETERMINE THOSE WHO SHOULD BE PLACED ON THE TOP BUNK AND SUBJECTED TO THIS DANGEROUS ASCENT HAVE ALSO SHOWN NEGLIGENCE BY MCF/STAFF. AGE, HEALTH, TYPE OF MEDICATION, WEIGHT AND HEIGHT AND THE ABILITY TO MAKE THIS DANGEROUS ASCENT SHOULD BE CONSIDERED, YET, IT IS OFTEN IGNORED.

ANY AND ALL MEDICAL STAFF HAVE AN OBLIGATION TO ASSURE A PRISONERS HEALTH AND SAFETY IS NOT IN JEOPARDY. THE DETERMINATION OR ASSESSMENT BY MEDICAL STAFF AS TO WHO IS ABLE OR SHOULD MAKE THIS DANGEROUS ASCENT IS OFTEN DONE BY "SIGHT" AND NOT TAKING IN

CONSIDERATION A PRISONERS MEDICAL HISTORY, MEDICATION HE'S TAKING OR HIS LIMITED ABILITY. WITHOUT THESE LADDERS A PERSON WITH CERTAIN MEDICAL NEEDS THAT WOULD IN FACT HINDER OR LIMIT HIS OR HERS MOBILITY BUT NOT LIMITED TO THOSE PRISONERS SHOULD BE BE SUBJECTED TO ASCENT OR PLACED IN OR FORCED TO PUT THEIR OWN LIVES, HEALTH AND SAFETY IN JEOPARDY KNOWINGLY WITHOUT THESE THESE LADDERS.

MCF AND THE MDOC ARE KNOWINGLY AND WILLFULLY PLACING PRISONERS IN HARMS WAY, DISREGARDING THEIR SAFETY, HEALTH THEIR WELL-BEING, FREE FROM HARM, UNTIL THE LADDERS ARE ADDED, THE PLAINTIFF AND PRISONERS AT MCF ARE FORCED TO MAKE THIS DANGEROUS ASCENT WILL CONTINUE TO BE PLACING THEIR LIVES, HEALTH AND SAFETY IN JEOPARDY.

**TOTALITY ARGUMENTS:**

PETITIONER ARRIVED AT MCF ON 11/19/19 FORM RG&C RECEPTION AND GUIDANCE CENTER **WITH A BOTTOM BUNK DETAIL** THAT WAS ISSUED BY DR. BOOMERSHINE. UPON ARRIVAL, I SAW THE NURSING STAFF WHO IS EMPLOYED BY CORIZON. CORIZON IS THE HEALTH CARE PROVIDER CONTRACTED BY THE MICHIGAN DEP'T OF OCRRECTIONS." A COPY OF MY 'BOTTOM BUNK" DETAIL WAS GIVEN TO ME, AND THE NURSING STAFF TOLD ME THAT SINCE I AM UNDER 'CHRONIC CARE" STATUS BY HEALTH CARE, I WOULD BE SEEING THE DOCTOR IN THE VERY NEAR FUTURE. I WAS ASSIGNED A "BOTTOM BUNK" IN UNIT 4-CELL 121-B (B REFERS TO BOTTOM BUNK).

ON 12-4-19, I WAS MOVED TO THE TOP BUNK OF CELL 121-A(A REFERS TO THE TOP BUNK). I ASKED WHY I WAS BEING MOVED WHEN I HAD A "BOTTOM BUNK" DETAIL? I WAS TOLD THEY NEEDED MY BUNK FOR A PRISONER WITH HEALTH ISSUES! I THEN SAW DR. ASHE ON SEVERAL OCCASIONS AND EXPLAINED TO HIM THE PROBLEMS I WAS HAVING WITH THE ASCENT TO AND FROM THE TOP BUNK. HE DENIED ME A BOTTOM BUNK DETAIL....**THIS IS A DENIAL OF ANOTHER DOCTORS ISSUANCE OF IT, WITHOUT EVEN CONSULTING WITH THE OTHER DOCTOR AS TO WHY HE ISSUED IT**) AND THIS IS EVEN WITH MY SERIOUS MEDICAL PROBLEMS I HAVE AND THE MEDICATION I TAKE.

I BROUGHT THE ISSUE UP DURING A WARDEN'S FORUM MEETING WITH **DEFENDANTS DEPUTY WARDEN D. STEWARD AND ACTING DEPUTY WARDEN D. MILLER** ADVISING THEM THAT I HAD TO CLIMB UP AND DOWN FROM THE TOP BUNK BY WAY OF A WOBBLY PLASTIC CHAIR AND A DESK THAT MOVES AND HAS A POTENTIAL TO TIP OVER WHEN STEPPED ON. And it was dangerous and we Needed ladders THIS REQUEST WAS PASSED OVER.

ON 7-10-20, I WAS STEPPING OFF THE BUNK ONTO THE DESK WHEN THE DESK TIPPED OVER ON ME, I THEN FELL, HITTING THE DESK, THE CHAIR,

THEN THE FLOOR.

THE INJURIES SUSTAINED WERE SO SEVERE THAT PLAINTIFF WAS TAKEN TO THE EMERGENCY ROOM.

AFTER BEING SEEN FOR THESE EXTENSIVE AND SERIOUS INJURIES, THE PLAINTIFF WAS BROUGHT BACK TO THE MUSKEGON CORRECTIONAL FACILITY UNABLE TO WALK ON HIS OWN AND THE PLAINTIFF WAS GIVEN CRUTCHES, AGAIN EVALUATED...THE PLAINTIFF WAS THEN PLACED ON CALLOUT (SCHEDULED APPOINTMENT) TO BE SEEN BY HEALTHCARE DAILY TO CHANGE THE DRESSING IN HIS BUTTOCKS THAT "SPLIT UPON FROM THE FALL" CAUSED BY NOT HAVING A LADDER TO CLIMB ON AND AFTER HAVING HAD MY MEDICAL DETAIL TAKEN FROM ME BY DEFENDANT ASHE.

THE PLAINTIFF WAS AGAIN DENIED A BOTTOM BUNK DETAIL WHILE ON CRUTCHES.

PLAINTIFF WAS SEEN BY HEALTH CARE DAILY AND WAS NEVER GIVEN A BOTTOM BUNK FOR THE INJURIES AND STILL, EVERYDAY HAD MY INJURIES PRETTY MUCH LAUGHED AT AND THE REASON BEING WAS THE DEFENDANTS REMOVED THE DETAIL FROM THE PLAINTIFF ONLY TO CAUSE HIS INJURIES AND FOR NO OTHER REASON EXCEPT THIS WAY.

PRISON COUNSELOR RUSSELL LOOMIS (PC) CALLED HEALTH SERVICES SEVERAL TIMES REQUESTING A BOTTOM BUNK FOR THE PLAINTIFF, WHICH WAS STILL DENIED, ONE OF THEIR OWN CO-WORKERS SAW THE NEED FOR IT AND YET, A DOCTOR WHO SAW A NEED FOR IT AND ISSUED IT HAD IT TAKEN BY A DOCTOR WHO DID NOT EVEN AND WAS NOT EVEN CERTIFIED TO REMOVE IT OR CERTIFIED TO EVEN MAKE A REASONABLE EVALUATION, AND IT WAS STILL DENIED. I HAD CONTINUED TO MAKE THIS DANGEROUS ASCENT EVEN WITH THE INJURIES I HAS STILL PLACING MY LIFE AND HEALTH IN JEOPARDY AND THEN, AFTER ALMOST 9 MONTHS AFTER HAVING IT TAKEN FROM ME, I WAS FINALLY GIVEN A BOTTOM BUNK DETAIL ON 6-8-20 WHEN I MOVED TO CELL 124B, AND ISSUED A BOTTOM BUNK DETAIL.

ON SEVERAL OCCASIONS, AFTER THIS, I WAS AGAIN MOVED TO A "TOP BUNK"--IN 3 UNIT CELL 255A. THEN ON 8-29-20 4 UNIT 266A....WHERE I REMAIN TODAY....ON SEVERAL OCCASIONS, THE DEFENDANT BROUGHT THE ISSUE OF HOW DANGEROUS THE DESCENT IS TO THE PLAINTIFF DURING THE WARDENS FORUM, WHERE DEFENDANTS SHERRY L. BURT, DEPUTY WARDEN STEWARD, AND ADW D. MILLER, YET, THE ISSUE WAS NEVER RESOLVED, EVEN AFTER SEEING THE FULL EXTENT OF MY INJURIES, THEIR ANSWER WAS **THERE WAS NO MONEY TO PUT**



**LADDERS ON THE BUNKS"**--ON A BUDGET OF OVER $2 BILLIONS DOLLARS WHICH THE DEFENDANTS GET EVER YEAR FOR THE COST AND CARE OF THE PLAINTIFF AND OTHER PRISONERS, AND THIS SHOWS THE NEGLIGENCE OF THE DEFENDANTS AT MCG AND THE DEPARTMENT OF CORRECTIONS AS A WHOLE.

THE ISSUE OF OVERCROWDING WAS DONE AND TO ALLEVIATE OVERCROWDING IN THE MDOC, EXTRA BUNKS WERE PLACED IN THE CELLS, YET, SAFETY FOR THE PRISONER ON THE TOP BUNK WAS IGNORED BY NOT PUTTING LADDERS ON THE BUNKS, ALTHOUGH OVERCROWDING IS NOT CONSIDERED UNCONSTITUTIONAL ON IT;S OWN, A PRISONER CANNOT BE DEPRIVED OF HIS BASIC HUM NEEDS, SUCH AS FOOD SAFETY AND SANITATION--SEE FRENCH V. OWENS 777F.2D 1250(7TH CIRCUIT 1985--TOUSSAINT V. YOCKEY, 722 F.2D 1490(9TH CIRCUIT 1984).

THE SAFETY FOR PRISONERS CANNOT BE COMPROMISED TO ALLEVIATE OVERCROWDING...ALSO SEE **4THE 8TH AMENDMENT** "TOTALITY OF CONDITIONS." WHICH STATES THAT "EVEN THOUGH, CERTAIN CONDITIONS AREN'T UNCONSTITUTIONAL ON THEIR OWN, THEY ADD UP TO CREATE AN OVERALL EFFECT THAT MAKES IT UNCONSTITUTIONAL PALMER V. JOHNSON, 193 F.3D 346 (5TH CIRCUIT 1999).

AS SUCH, THE DEFENDANTS ACTIONS THEMSELVES SHOW DELIBERATE INDIFFERENCE TO THE PLAINTIFFS PRISON STATUS, HEALTH CARE AND SAFETY...

THIS SHOWS THAT THE DEFENDANTS WERE BEING DELIBERATELY INDIFFERENT TO THIS PLAINTIFFS NEEDS AND THE CASE OF FAILING TO HAVE THE LADDERS IN THE PLAINTIFFS CELL OR ANY OTHER PRISONERS CELL, CLEARLY MEETS THE DEFINITION OF DELIBERATE INDIFFERENCE.

**DELIBERATE INDIFFERENCE STANDARD**: THE STAND FOR DELIBERATE INDIFFERENCE IN MEDICAL CARE CASES IS THE SAME TWO-PART STANDARD (OBJECTIVE AND SUBJECTIVE) WORD IN CASES CHALLENGING CONDITIONS OF CONFINEMENT IN PRISON, EXPLAINED IN PART 2 OF THIS SECTION....TO PROVE DELIBERATE INDIFFERENCE, YOU MUST SHOW THAT 91) PRISON OFFICIALS KNEW ABOUT THE SERIOUS MEDICAL NEEDS, AND (2), THE PRISON OFFICIALS FAILED TO RESPOND REASONABLY AND RESOLVE IT REASONABLY.

PRISON OFFICIALS CLEARLY KNEW ABOUT IT AND IN FACT, TOOK ACTIONS TO ENSURE THE PLAINTIFF WAS EVEN MORE SUSCEPTIBLE TO INJURIES, BY REMOVING A MEDICAL DETAIL.



IT IS EVEN MORE SO INVOLVED BY THE DEFENDANTS JOINT ACTIONS OF INTENTIONALLY FORCING THE PLAINTIFF AND OTHER PRISONERS TO BREAK THE RULES WHERE THEY ORDER THE PRISONERS TO MISUSE STATE PROPERTY.....IT IS DANGEROUS AND AGAINST THE RULES TO STAND ON THE CHAIRS IN THE DAYROOM AND TV ROOM, WHY ISN'T IT MORE DANGEROUS TO STAND ON THEM IN THE CELLS???

THE POTENTIAL FOR INJURY FROM FALLING IS EVEN GREATER AND THE PERMANENT INJURY CAUSED BY USING PROPERTY THAT IS NOT FOR IT'S INTENDED PURPOSE IS EVEN MORE SERIOUS BECAUSE PRISONERS ARE USING CHAIRS AND DESKS FOR USE OTHER THEN IT IS OR WAS INTENDED AND, AS SUCH, IF A PRISONER WERE TO MISUSE STATE PROPERTY FOR OTHER THEN ITS INTENDED PURPOSES, THE PRISONER WILL BE ISSUED A MAJOR MISCONDUCT REPORT FOR USING SAID CHAIRS OR DESKS, AND YET, EVEN WHILE THIS IS A RUE, IT IS BEING FORCED UPON THE PLAINTIFF WHO IS INJURED TO USE IT WHEN IN FACT, THE PLAINTIFF CANNOT AND SHOULD NOT BE USING IT AND, ACTUALLY WHEN THE PLAINTIFF DID USE IT FOR CLIMBING ON HIS BUNK, HE STILL FELL AND WAS INJURED AND, AS A RESULT, SUFFERED PERMANENT INJURY BECAUSE OF THE DEFENDANTS FORCING THE PLAINTIFF TO MISUSE STATE PROPERTY FOR REASONS THAT PLAINTIFF SHOULD NOT BEING USING IT FOR, AND, THE DEFENDANT JOINTLY HAVE OPERATED A CYCLE OF CIVIL RESPONSIBILITY CRIMINAL ENTERPRISE WHICH REQUIRES THAT PRISONERS USE CHAIRS, AND STATE FURNITURE FOR CLIMBING ON A TOP BUNK, CONTRARY TO STATE LAWS GOVERNING MAJOR MISCONDUCT RULES UNDER MCL 791.250-255, AND HAS IN FACT KNOWINGLY FORCED A PRISONER TO BE SUBJECTED TO USING FURNITURE WHEREAS A LADDER WOULD CORRECT THE PROBLEM, AND, INSTEAD OF CHOOSING TO PLACE LADDERS IN THE BUNKS, THE DEFENDANTS HAVE JOINTLY WORKED TOGETHER TO INSTEAD, INFLICT UNNECESSARY HARM UPON THE PLAINTIFF AND OTHER PRISONERS FOR THE SOLE PURPOSE OF <u>SAVING MONEY AND NOT PUTTING THE MONEY INTO THE PLAINTIFFS SAFETY, CONTRARY TO STATE AND FEDERAL LAWS.</u>

**<u>CONCLUSION:</u>** THE DEFENDANTS HAVE INTENTIONALLY, WILLFULLY, DIRECTLY, WILLINGLY, OPENLY, DELIBERATELY CAUSED THE PLAINTIFF TO SUFFER PERMANENT PHYSICAL INJURIES BY NOT HAVING LADDERS FOR THE PLAINTIFF/PRISONERS, BY NOT HONORING PREVIOUS BOTTOM BUNK DETAILS AND REMOVING THEM FOR NO LEGAL REASON WHATSOEVER, BY NOT PROVIDING THE PROPER CARE AND COMMUNICATION THAT THE PLAINTIFF/PRISONERS ARE ENTITLED

TO, BY NOT UPHOLDING THE 8TH AMENDMENTS PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT, BY NOT ENSURING THAT THE PLAINTIFF REMAINED ON A BOTTOM BUNK, BY NOT FORCING THE DEFENDANT TO ASCEND TO A TOP BUNK ON WOBBLY FURNITURE WHICH IS NOT MADE FOR SUCH ASCENDING, BY NOT USING THE TAXPAYERS DOLLARS THAT ARE THERE TO LEGALLY ENSURE THE SAFETY OF PLAINTIFF/PRISONERS, BY NOT FOLLOWING AND ADHERING TO THE POLICY DIRECTIVE AND OPERATING PROCEDURES OF 03.04.100 RULES ON SAFETY AND LIVING CONDITIONS FOR THOSE MEDICALLY AND PHYSICALLY IMPAIRED, BY NOT HAVING A PROPER RESPONDENT TO THE GRIEVANCE PROCESS TO ADDRESS THE FULL IMPACT OF THE ISSUES RAISED BY THE PLAINTIFF/PRISONER, BY NOT HAVING MEASURES IN PLACE THAT WILL ENSURE THAT A PRISONER/PLAINTIFF WHO ALREADY HAS SERIOUS MEDICAL INJURIES IS NOT PLACED IN THE POSITION TO WHERE HIS ACTUAL BUTTOCK IS CRACKED OPEN FROM AN INJURY SUSTAINED BECAUSE OF THE LACK OF HAVING FULL MEASURES IN PLACE TO PROTECT A PRISONER FROM INJURING HIMSELF, AND MOST IMPORTANTLY, THE DEFENDANTS CHOSE MONEY OVER THAT OF THE PRISONERS SAFETY AND HEALTH, AND THAT ITSELF VIOLATES THE PLAINTIFFS CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS AND CONSTITUTIONAL PROTECTIONS RESULTING IN MATERIAL PREJUDICE TO THE PLAINTIFF AND A DEVIATION AND DEPARTURE FROM POLICY DIRECTIVES, STATE LAW, FEDERAL LAW AND THE STATE AND FEDERAL CONSTITUTIONS AND THE DEVIATION HAS VIOLATED THE PLAINTIFFS RIGHTS CONTINUALLY AND ACTIVELY ON A DAILY BASIS BECAUSE OF THE PLAINTIFFS CONTINUED STATUS OF POSSIBLY BEING FORCED TO GO TO A TOP BUNK AGAIN WITHOUT A LADDER AND PERMANENT INJURIES CAUSED BY THE DEFENDANTS, REQUIRING THIS COURTS ACTION ON THE CASE AT BAR.
Defendants were acting under the color of state law.

1) **MONETARY DEMAND**: PLAINTIFF ASKS THIS COURT TO ENTER AN AMOUNT OF $500,000.00 JUDGEMENT IN FAVOR OF THE PLAINTIFF.

2) RELIEF **SOUGHT**: WHEREFORE, PLAINTIFF PRAYS THIS COURT WILL ALLOW THIS MATTER TO PROCEED TO A JURY TRIAL AND GRANT ANY FURTHER RELIEF THIS COURT DEEM NECESSARY AGAINST THE DEFENDANTS IN THIS MATTER.

[redacted] [redacted],

______________________________

MR. [redacted]P [redacted]
[redacted]



MUSKEGON, MICHIGAN

Relief Sought Continued from pg #11

3) I pray this Honorable Court find the defendant's violated my constitutional Right's under the theory of "Deliberate Indifference" to my serious medical need's. (violation's of the 8th Amendment to the U.S. constitution)

4) I pray this Honorable court find the Defendant's violated Title II of the American's with Disabilities Act.

5) Award attorney fee's and Cost's related to this litigation.

6) order the Defendant's to immediately provide plaintiff any necessary medical treatment and surgery.

I swear under Penalty of Perjury that Any/All claim's and statement's are accurate and truthful.

printed name: Phillip Turner #171187

signed name: Phillip Turner #171187

Date: 9-6-21



MR. PHILLIP RICHARD TURNER, #171187,
PLAINTIFF,

VS.
Michigan Dept. of Corrections
HEIDI WASHINGTON, MDOC DIRECTOR,
SHERRY L. BURT, WARDEN
DARRELL M. STEWARD, DEPUTY WARDEN,
DANIEL MILLER, ACTING DEPUTY WARDEN,
[illegible],
CORIZON MEDICAL SERVICES, LLC, INC, ENTITY, COMPANY,
[illegible],
DR. ASCHE, HEALTH SERVICES EMPLOYEE,
MRS. WILKINSON, HEALTH UNIT MANAGER (HUM)
ANDERSON, NURSING SUPERVISOR,
DEFENDANTS, ET AL,
_______________________/

CASE NO: 2021-__________

HON.__________

CAPACITY OF SUIT BROUGHT
AGAINST EACH NAMED DEFENDANT

#1. HEIDI WASHINGTON, DIRECTOR, YOU EITHER ARE, OR WERE AN EMPLOYEE OF THE MICHIGAN DEPARTMENT OF CORRECTIONS.

2. SHERRY L. BURT, WARDEN, YOU EITHER ARE, OR WERE EMPLOYED AT THE MUSKEGON CORRECTIONAL FACILITY.

3. DARRELL STEWARD, DEPUTY WARDER, YOU EITHER ARE OR WERE EMPLOYED AT THE MUSKEGON CORRECTIONAL FACILITY.

4. DANIEL MILLER, ASSISTANT DEPUTY WARDEN, YOU EITHER ARE, OR WERE EMPLOYED AT THE MUSKEGON CORRECTIONAL FACILITY.

5. CORIZON HEATH CARE SERVICES PROVIDER, LLC, COMPANY, WHOLE, PRIVATE, AND EMPLOYEES, YOUR AGENCY EITHER IS, OR WAS CONTRACTED TO PROVIDE HEALTH CARE MEDICAL SERVICES TO THE PLAINTIFF AND TO THE PRISON POPULATION HERE AT MUSKEGON CORRECTIONAL FACILITY.

DR. ASCHE, YOU EITHER ARE OR WERE IN PART EMPLOYED IN YOUR ABILITY TO ENSURE THAT ALL LEVELS OF HEALTH AND SAFETY OF THE PLAINTIFF AND INMATES OR WERE RESPONSIBLE FOR ANY AND ALL EMPLOYEES OR STAFF CHARGED WITH ASSURING THE MEDICAL SERVICES ARE DONE AND FOLLOWED TO MAINTAIN HEALTH/SAFETY CONDITIONS FOR PRISONERS AND PLAINTIFF.

6. MRS. WILKINSON, NURSE, YOU EITHER WERE OR ARE RESPONSIBLE FOR ALL INMATES AND ASSURING THEY HAVE SAFE MEDICAL AND LIVING CONDITIONS IN ACCORDANCE WITH DETERMINING HEALTH CARE NEEDS.

ANDERSON, YOU EITHER ARE OR WERE RESPONSIBLE IN PART OR WHOLE IN ENSURING THAT ALL INMATES HEALTH CARE NEEDS ARE MET AND TO ENSURE THAT ALL PROVISIONS OF HEALTH CARE ARE MET WHOLLY AND COMPLETELY.

7) Michigan Department of Corrections

THE DEFEDNANTS, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY ARE HEREBY SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY BECAUSE THEY WERE ACTING IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY DURING THE ENTIRE PHASE OF THE PROCEEDINGS OUTLINED IN THIS COMPLAINT.

ALL OF THE DEFENDANTS HAD A COMPLETE RESPONSIBILITY WHILE BEING IN CHARGE AT THE ADMINISTRATIVE LEVEL OF THEIR POSITIONS AS EMPLOYEES OF THE DEPARTMENT OF CORRECTIONS EMPLOYED AND ASSIGNED TO THE MUSKEGON CORRECTIONAL FACILITY AND, THE EMPLOYEES OF CORIZON MEDICAL HEALTH SERVICES PROVIDER AND IT'S INSURER THAT ARE ASSIGNED TO WORK AT THE MUSKEGON CORRECTIONAL FACILITY, WERE ALL IN WHOLE AND IN PART CHARGED WITH ENSURING THAT THE ENTIRE INMATE POPULATION, INCLUDING THE PLAINTIFF ARE CHARGED WITH AND ENSURING THAT ALL INMATES HEALTH CARE NEEDS ARE MET AND KEPT AND THAT EACH INMATE IS PROVIDED WITH ALL HIS MEDICAL NEEDS AS STATE AND FEDERAL LAW MANDATE AND, MOST IMPORTANTLY, AS PART OF THE TAXPAYERS DOLLARS ARE PROVIDED TO THE DEFENDANTS MDOC/MCF AND CONTRACTED WITH SAID TAXDOLLARS THROUGH CORIZON HEALTH SERVICES PROVIDERS ARE THERE TO ENSURE THAT ANY PRISONER WITH MEDICAL NEEDS AND MEDICAL PROBLEMS ARE IN FACT MET AND KEPT HEALTHY AND IF ANYTHING MEDICALLY OCCUR'S TO THE PRISONER, THEN IT IS THE JOB OF ALL THE DEFENDANTS JOINTLY, WHOLLY, PARTIALLY, INDIVIDUALLY, AND OFFICIALLY TO ENSURE THAT **ALL SAFETY PRECAUTION AND HEALTH CARE NEEDS ARE MET AND PUT INTO PLACE AND ANY DEVIATION FROM THAT IS A COMPLETE DEPRIVATION AND FAILURE TO PERFORM THE DUTIES CHARGED WITH SAID PARTIES CAPACITY, JOB ASSIGNMENTS, AND OATHS OF**

OFFICE AND IT REQUIRES THIS COURT TO ENTER AN ORDER OF JUDGEMENT AGAINST EACH NAMED PARTY OR, TO ALLOW THE MATTER TO PROCEED TO A JURY TRIAL.

I swear under Penalty of Perjury that Any/All claim's and statement's contained in the Afforementioned complaint are accurate and truthful.

printed name: Phillip Turner #171187

signed name: Phillip Turner #171187

Date: 9-6-21

Phillip Turner #171187
G. Robert Cotton Correctional Facility
3500 North Elm Road
Jackson, michigan
49201



U.S. District Court
399 Federal Building
110 Michigan st., NW
Grand Rapids, michigan
49503